IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

AMON L. PATTERSON                                                                           PLAINTIFF

V.                                                                              NO. 1:09CV274-D-D

LOUIS HOLLIDAY, et al.                                                                  DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. *See* 28 U.S.C. §§ 1915(e)(2) and 1915(A). The Plaintiff, an inmate who is currently on probation, filed this complaint pursuant to 42 U.S.C. § 1983. The Plaintiff complains about the fact of his conviction and allegedly illegal sentence for which he is seeking monetary damages.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), this court has come to the following conclusion.

### Section 1983 is not Appropriate Method to Challenge a Conviction

Any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under §1983. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). The relief sought by the prisoner or the label he places upon the action is not the governing factor. *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979). The rule which the Court of Appeals for the Fifth Circuit follows in determining whether a prisoner must first obtain habeas corpus relief before bringing a § 1983 action is simple: "if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle for suit is § 1983. If it would so entitle him, he must first get a habeas corpus judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g denied*, 133 F.3d 940 (1997) (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996)).

The Plaintiff must first obtain habeas corpus relief before bringing suit pursuant to § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). A cause of action under 42 U.S.C. § 1983 does not accrue until the plaintiff's conviction or sentence has been invalidated. *Id.* at 489-91. There is no proof or allegation that the Plaintiff's conviction has been called into question. Accordingly, The Plaintiff may not challenge the validity of his conviction or sentence by seeking damages under 42 U.S.C. § 1983.

Even if the court elected to construe his complaint as a petition for habeas corpus relief, there is no indication that Patterson has pursued his claims through the state courts as required by 28 U.S.C. § 2254(b)(1) and (c). A prisoner seeking relief from an alleged unconstitutional conviction or sentence must first present his claims to the state's highest court prior to pursuing a federal habeas writ. *Id.; see also* Miss. Code Ann. §§ 99-39-1 *et seq.* In either case, in as much as the relief he seeks through this complaint would challenge the validity of his sentence, the Plaintiff's complaint is premature and shall be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 11 day of January, 2010

SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI